UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID J. RUDOMETKIN,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTINE WORMUTH[1],<br><br>          Defendant. | Civil Action No. 21-cv-1695 (TSC) |

### MEMORANDUM OPINION

Plaintiff David J. Rudometkin, appearing *pro se*, is a military prisoner who has sued the Secretary of the Army for relief under the Administrative Procedure Act (APA). Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), ECF No. 23, and Plaintiff has moved to amend the complaint, ECF No. 38. For the reasons explained below, Defendant's motion will be GRANTED, and Plaintiff's motion will be DENIED.

### I. BACKGROUND

#### A. Criminal Proceedings

Plaintiff is currently held at the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas. In February 2018, he was convicted by general court-martial "of multiple charges in violation of the Uniform Code of Military Justice (UCMJ)," *Rudometkin v.*

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

*United States*, No. 2022-1701, 2022 WL 17688147, at *1 (Fed. Cir. Dec. 15, 2022) (per curiam), including rape and aggravated sexual assault, *United States v. Rudometkin*, 82 M.J. 396, 397 (C.A.A.F. 2022). In August 2022, the Court of Appeals for the Armed Forces reversed the lower court's decision and remanded Plaintiff's conviction to the Army Court of Criminal Appeals "for further review under Article 66, UCMJ, 10 U.S.C. 866 (2018)." *Rudometkin*, 82 M.J. at 402.

### B. Administrative Consequences

On August 13, 2015, the U.S. Army Human Resources Command notified Plaintiff, who had served in the Army since October 9, 1995, "that he was not selected for promotion to the next higher grade and must be involuntarily retired per 10 U.S.C. § 632." *Rudometkin*, 2022 WL 17688147 at *1. "The U.S. Army Installation and Management Command . . . issued retirement orders for Mr. Rudometkin with an effective date of retirement of January 31, 2016." *Id*. But on January 29, 2016, a Staff Judge Advocate requested that Plaintiff's retirement orders "be revoked pending a criminal investigation against him with a review toward court-martial"; that same day, "Installation Management Command rescinded [Plaintiff's] retirement orders," *id*., pursuant to Army regulations. *See Rudometkin v. The United States*, No. 21-1546 (Fed. Cl. Mar. 11, 2022), ECF No. 23-2 at 2 ("Per paragraph 1-17, AR 600-8-24, an officer pending criminal investigation or court-martial may not retire without the approval of the Headquarters, Department of the Army.").

### C. Pending Litigation

On July 2, 2021, Plaintiff sued the United States in the Court of Federal Claims "alleging that the Army unlawfully revoked his retirement orders" and violated its own

regulations, and demanding "'declaratory and injunctive relief by order directing Defendant to place Plaintiff in appropriate involuntary retirement status as required by statute 10 U.S.C. § 632(a)(2)-(b) and to back pay the Plaintiff'" from January 31, 2016. *Rudometkin*, 2022 WL 17688147, at *1 (quoting Complaint). On March 11, 2022, the Claims Court granted the government's motion to dismiss for lack of subject-matter jurisdiction based on the ripeness doctrine, and it denied Plaintiff's motion for summary judgment.

In December 2022, the Federal Circuit reversed, holding "that the government has not established a lack of ripeness preventing the Claims Court from exercising jurisdiction, but that the Claims Court should stay the case until the court-martial proceedings are resolved." *Rudometkin*, 2022 WL 17688147, at *1. It reasoned that "the final outcome of the court-martial proceedings will likely determine whether—or at least, to what extent—the government is liable to Mr. Rudometkin, and the legality of the revocation of Mr. Rudometkin's retirement orders is central to the court-martial proceedings as well as the Claims Court case." *Id*. at *2. The Federal Circuit remanded "with instructions to the Claims Court to stay the case pending the resolution of the court-martial proceedings." *Id*. at *3.

Meanwhile, in June 2021, Plaintiff filed this "novel" suit under the APA, seeking an order "directing Defendant to restore [him] to office or position, or placement in appropriate retirement status as required by statute." Compl. for Injunctive Relief, ECF No. 1 ¶ 1. He alleges multiple constitutional and statutory violations during the court-martial proceedings and unlawful rescission of his retirement orders. *See id*. ¶¶ 1, 11, 13, 45. In the Prayer for Relief, Plaintiff seeks an order releasing him from the U.S.

3

Disciplinary Barracks and placing him "in the same position had the unlawful acts not occurred and mandatorily retired effective 1 February 2016 pursuant to statute 10 U.S.C. § 632(a)(2)-(b) and Army Regulation 600-8-24 paragraph 6-23(a)." Compl. at 13. Months earlier, in November 2020, Plaintiff filed a similar civil action in the Northern District of Alabama that was dismissed for want of jurisdiction. *See* Def.'s Mem., ECF No. 23-1 at 8 (citing Docs. ECF No. 23-4 and ECF No. 23-3 at 99-101).

## II.  LEGAL STANDARD

Defendant seeks dismissal first under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. "Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all

inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of the case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### III.  ANALYSIS

#### A.  Subject-Matter Jurisdiction

Plaintiff has clarified, and the court agrees, that this case is not a challenge to the court-martial per se but rather to the rescission of the retirement orders on January 29, 2016, in the wake of the criminal investigation and potential court-martial. *See supra* at 2; Pl.'s Opp'n at 1 and Surreply, ECF No. 39. Therefore, Defendant's arguments premised on the jurisdictional and statutory limitations of habeas corpus, *see* Mem. at 12-14; Reply, ECF No. 35 at 4-5, are unavailing.

Indeed, the APA provides "a limited waiver of sovereign immunity for claims against the United States 'seeking relief other than money damages' for persons 'adversely affected or aggrieved by agency action.'" *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1105–06 (D.C. Cir. 2022) (quoting 5 U.S.C. § 702)). The waiver "is further limited under section 704," *Remmie v. United States*, 98 Fed. Cl. 383,

387 (2011), to "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704.[2] The waiver is interpreted "broadly" only when "the claims at issue [do] not involve a limiting principle in another statute affording relief." *Sierra Club v. Wheeler*, 956 F.3d 612, 619 n.5 (D.C. Cir. 2020). As explained below, APA jurisdiction does not lie in this court because Plaintiff has an available remedy in the Claims Court and then in the Federal Circuit.

The Tucker Act, codified as amended in scattered sections of Title 28 of the U.S. Code, grants the district court concurrent jurisdiction with the U.S. Court of Federal Claims over claims "not exceeding $10,000," 28 U.S.C. § 1346(a)(2), whereas claims over $10,000 are the exclusive province of the Claims Court, *Palacios v. Spencer*, 906 F.3d 124, 127 (D.C. Cir. 2018). The Act authorizes the appropriate court "to render judgment upon any claim against the United States founded either upon the Constitution, *or any Act of Congress or any regulation of an executive department*, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) and § 1346 (a)(2) (emphasis added). The Act "itself does not create a substantive cause of action" but instead requires "a separate source of substantive law that creates the right to

---

[2] Plaintiff has not identified a final agency action in either the complaint or the numerous exhibits he has placed in the record, which is not surprising since, as the Federal Circuit observed, "the legality of the revocation" of the retirement orders depends on the resolution of the court-martial, which is not yet final. *Rudometkin*, 2022 WL 17688147 at *2. Even with jurisdiction satisfied, it is unlikely that the APA claim would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim or the screening provisions governing *in forma pauperis* proceedings like this one. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if [it] determines that" the action fails to state a viable claim); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 184 (D.C. Cir. 2006) ("reaffirming that the APA's final agency action requirement is not jurisdictional" but rather subject to review and dismissal under Rule 12(b)6)).

money damages." *Reilly v. United States*, 93 Fed. Cl. 643, 648 (2010) (internal alterations and citation omitted).

The Military Pay Act, 37 U.S.C. § 204, "provides a substantive right to back pay in military discharge cases," *Remmie*, 98 Fed. Cl. at 385 (citing *Martinez v. United States*, 333 F.3d 1295, 1315 (Fed. Cir. 2003)), and the Claims Court "has jurisdiction over military pay cases where the plaintiff seeks back pay for alleged unlawful discharge from military service." *Id*. "In addition to back pay and other allowances," the Claims Court "may grant relief incidental and collateral to judgment granted for monetary relief, such as changes in military or retirement status and corrections of military records." *Id*. (citing 28 U.S.C. § 1491(a)(2)).

That Plaintiff has not specified monetary relief in his complaint "does not necessarily settle the question of Tucker Act jurisdiction." *Kidwell v. Dep't of Army, Bd. for Correction of Mil. Recs.*, 56 F.3d 279, 284 (D.C. Cir. 1995). The D.C. Circuit cautions that to protect against the forum shopping of claims involving the U.S. Treasury, courts should "look to the complaint's substance, not merely its form" to reduce the chance that a plaintiff will "bypass Tucker Act jurisdiction by converting complaints which at their essence seek money damages from the government into complaints requesting injunctive relief or declaratory actions." *Id*. (internal quotation marks omitted). Only if the requested equitable relief "has considerable value independent of any future potential for monetary relief" or, in other words, "is not negligible in comparison with the potential monetary recovery," should courts "respect the plaintiff's choice of remedies and treat the complaint as something more than an

artfully drafted effort to circumvent the jurisdiction of the Court of Federal Claims." *Id*. (internal quotation marks omitted).

Plaintiff's current claim arising from the rescission of his retirement orders is no different from his claim before the Claims Court in which he seeks approximately five years of back pay (plausibly exceeding $10,000) and the same equitable relief.[3] Moreover, Plaintiff's prayer for equitable relief, Compl. at 13, is simply too vague to permit a value assessment, much less a comparison with the backpay claim pending in the Claims Court. And "absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or in essence seeks more than $10,000 in monetary relief from the federal government." *Id*.

In sum, this court is deprived of APA jurisdiction because the "Military Pay Act serves as a money-mandating statute for the Plaintiff's request for back pay, and under the Tucker Act, [the Claims Court] could provide an adequate remedy for all the Plaintiff's monetary and nonmonetary claims." *Remmie*, 98 Fed. Cl. at 388.

**B. Motion to Amend the Complaint**

Plaintiff has moved to amend the complaint to narrow it "to a single issue within the scope of the APA." Mot. at 2, ECF No. 38-1. "A district court may deny a motion

---

[3] Plaintiff acknowledges that he "raised similar arguments at the U.S. Court of Federal Claims as this APA suit" and "the facts and law presented in the Court of Appeals for the Federal Circuit are applicable in this Court[.]" Surreply, ECF No. 39 at 2. He posits that "based on the Court of Appeals decision, there is merit to Plaintiff's claims." *Id*. But in the absence of jurisdiction, this "court [can] no more rule in favor of [a party] than against it." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012).

In the proposed amendment, Plaintiff "strikes from [the] original pleading all references to the Uniform Code of Military Justice" but otherwise maintains the "issues of the original pleading[.]" ECF No. 38-2. Because the proposed change would not cure the jurisdictional defect, the motion to amend is denied as futile. *See* Def.'s Opp'n, ECF No. 40 at 1 (correctly noting that "Plaintiff's proposed amended complaint merely restates his original . . . claims in different terms" and would "not survive a motion to dismiss.").

### IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED, and Plaintiff's motion to amend will be DENIED. A corresponding order will issue separately.

Date:  March 10, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge